05-22976

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| RUBEN VEGA, JUAN ALBERTO LORENZO, GEOVANNI RAUL CAPOTE, and others similarly-situated, | CASE NO. |
| Plaintiffs, | MAGISTRATE JUDGE |
| vs. | |
| AYINTOVE ASSOCIATES, LLC d/b/a Harmony Health Center, and SEFARDIK ASSOCIATES, LLC d/b/a The Nursing Center at Mercy, both limited liability companies, and PHILIP ESFORMES, individually, | |
| Defendants. | |
_____/

## FLSA COMPLAINT

COME NOW, Plaintiffs, RUBEN VEGA, JUAN ALBERTO LORENZO, and GEOVANNI RAUL CAPOTE, by and through their undersigned attorney, and sue Defendants, AYINTOVE ASSOCIATES, LLC d/b/a Harmony Health Center, SEFARDIK ASSOCIATES, LLC d/b/a The Nursing Center at Mercy, both limited liability companies, and PHILIP ESFORMES, individually (collectively referred to as the "Employer," except when referred to individually), and allege:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement) ("the FLSA").

2. While employed by Defendants, Plaintiffs, RUBEN VEGA ("VEGA"), JUAN ALBERTO LORENZO ("LORENZO"), and GEOVANNI RAUL CAPOTE ("CAPOTE"), were residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendants, AYINTOVE ASSOCIATES, LLC ("AYINTOVE") and SEFARDIK ASSOCIATES, LLC ("SEFARDIK"), are Florida limited liability companies doing business in Miami-Dade County, Florida, where Plaintiffs were employed, and at all times material hereto were engaged in interstate commerce. The individual Defendant, PHILIP ESFORMES, is a resident of Miami-Dade County, where Plaintiffs were employed.

4. This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per

annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly-situated are within interstate commerce.

7. The individual Defendant, PHILIP ESFORMES, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the three Defendant corporations and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs and opt-in plaintiffs.

## COUNT I
## UNPAID OVERTIME
### *AYINTOVE*

8. LORENZO was employed by AYINTOVE from approximately September 2004 through August 2005. He performed general duties, such as painting, repairs and maintenance for the Employer, a nursing home. He was paid $9.00 per hour at the beginning of his employment and was later raised to $10.00 per hour. LORENZO worked in excess of forty (40) hours per week, was paid the regular rate for the hours in excess of forty (40), but not time-and-a-half as required by the FLSA.[1] The hours worked in excess of forty (40) per week are reflected in LORENZO's paycheck stubs. Those similarly-situated employees are current and former employees who performed the same or similar general duties, such as painting, repairs and maintenance.

---

[1] All three Plaintiffs concede the Employer did pay overtime on some weeks, as reflected in some paycheck stubs.

9. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that LORENZO and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA. The additional persons who may become plaintiffs in this action are hourly-paid employees and/or former employees of Defendants who are and/or who were subject to the payroll practices and procedures described in paragraph 8.

10. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing LORENZO and those similarly-situated these overtime wages since the commencement of LORENZO and those similarly-situated employees' employment with Defendants as set forth above, and LORENZO and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime payments.

11. LORENZO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, LORENZO and those similarly-situated request double damages and reasonable attorney's fees from the Defendant corporations and the individual Defendant, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from LORENZO's and those similarly-situated employees' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is

greater, along with court costs. In the event that LORENZO and those similarly-situated do not recover double damages, then LORENZO and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

COUNT II
UNPAID OVERTIME
*SEFARDIK*

12. VEGA was employed by SEFARDIK and AYINTOVE, however, only worked in excess of (40) hours per week while he was employed by SEFARDIK, during April 2003 through April 2004. He performed general duties, such as painting, repairs and maintenance for the Employer, a nursing home. He was paid $9.00 per hour at the beginning of his employment and was later raised to $11.00 per hour.

13. CAPOTE was employed by SEFARDIK for approximately two (2) years through the beginning of 2004. He also performed general duties, such as painting, repairs and maintenance for the Employer. He was paid $10.00 per hour.

14. Both Plaintiffs worked in excess of forty (40) hours per week, were paid their regular rate for the hours in excess of forty (40), but not time-and-a-half as required by the FLSA. The hours worked in excess of forty (40) per week are reflected in Plaintiffs' paychecks. Those similarly-situated employees are current and former employees who performed the same or similar general duties, such as painting, repairs and maintenance.

15. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no

5

provision was made by the Employer to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA. The additional persons who may become plaintiffs in this action are hourly-paid employees and/or former employees of Defendants who are and/or who were subject to the payroll practices and procedures described above.

16. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly-situated these overtime wages since the commencement of Plaintiffs' and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime payments.

17. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs, VEGA and CAPOTE, and those similarly-situated request double damages and reasonable attorney's fees from the Defendant corporations and the individual Defendant, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' and those similarly-situated employees' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiffs and those similarly-situated do not recover double damages, then Plaintiffs and those similarly-situated seek

an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

> THE LAW OFFICES OF
> EDDY O. MARBAN
> Ocean Bank Building, Suite 350
> 782 N.W. LeJeune Road
> Miami, Florida 33126
> Telephone (305) 448-9292
> Facsimile (305) 448-2788
> E-mail: marban@bellsouth.net
>
> By: _____
> EDDY O. MARBAN, ESQ.
> Fl. Bar No. 435960

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RUBEN VEGA, JUAN ALBERTO LORENZO, GEOVANNI RAUL CAPOTE

### DEFENDANTS
AYINTOVE ASSOCIATES, LLC, SEFARDIK ASSOCIATES, LLC, and PHILIP ESFORMES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Eddy O. Marban, Esq.
The Law Offices of Eddy O. Marban
Ocean Bank Building, Suite 350
782 N.W. Le Jeune Road
Miami, Florida 33126
Tel. (305) 448-9292

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 1:05cv22976(WMH)S-?

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | PERSONAL INJURY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 362 Personal Injury — Med Malpractice | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 365 Personal Injury — Product Liability | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 340 Marine | A LABOR | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | A CIVIL RIGHTS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 441 Voting | A☐ 791 Empl Ret Inc Security Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | PRISONER PETITIONS | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 443 Housing/Accommodations | B☐ 510 Motions to Vacate Sentence | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | ☐ 444 Welfare | HABEAS CORPUS: | | |
| | ☐ 440 Other Civil Rights | B☐ 530 General | | |
| | | A☐ 535 Death Penalty | | |
| | | B☐ 540 Mandamus & Other | | |
| | | B☐ 550 Civil Rights | | |
| | | B☐ 555 Prison Condition | | |
| | | ☐ 370 Other Fraud | | |
| | | ☐ 371 Truth in Lending | | |
| | | ☐ 380 Other Personal Property Damage | | |
| | | ☐ 385 Property Damage Product Liability | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. ss 201-219 et seq.

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ 30,000.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 11-14-05
SIGNATURE OF ATTORNEY OF RECORD

$250.00 930588

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE 11/17/05